## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DYNAMIC DESIGNS DISTRIBUTION
INCORPORATED, a Florida corporation,

     Plaintiff,

                                      CASE NO.:

v.

                                       **JURY TRIAL DEMANDED**

NALIN MANUFACTURING, LLC,
an Indiana limited liability company
and ANDREW NALIN, an individual,

     Defendants.

_____/

## COMPLAINT

Plaintiff, DYNAMIC DESIGNS DISTRIBUTION, INC. ("Plaintiff" or "Dynamic Designs"), by and through its undersigned counsel, files this Complaint against NALIN MANUFACTURING, LLC ("Nalin Mfg.") and ANDREW NALIN ("Mr. Nalin") (collectively referred to as "Defendants") as follows:

### NATURE OF THE ACTION

1.    This is an action for declaratory judgment of non-infringement and invalidity of alleged trade dress on a car speaker adapter for the Jeep® Wrangler® ("the car speaker adapter") under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, as well as tortious interference with Plaintiff's business relationship with eBay and deceptive and unfair trade practices under Florida Statute §501.201, *et. seq.*

## PARTIES

2.      Plaintiff, DYNAMIC DESIGNS DISTRIBUTION, INC. is a corporation organized and existing under the laws of Florida.  Plaintiff maintains its principal place of business in this district located at 4726 First Street NW, Lakeland, Florida 33810.

3.      Defendant, NALIN MANUFACTURING, LLC is a limited liability company organized and existing under the laws of the state of Indiana.  Nalin Mfg. maintains its principal place of business at 2301 E. Powell Avenue, Evansville, Indiana 47714.

4.      Defendant, ANDREW NALIN, is a manager member and the registered agent for Nalin Mfg. who resides in Indiana with the address of 2301 E. Powell Avenue, Evansville, Indiana 47714 and who personally participated in, directed, controlled and financially benefited from the unlawful conduct alleged herein.

## JURISDICTION AND VENUE

5.      This action arises under the Declaratory Judgment laws of the United States, specifically, 28 U.S.C. §§2201 and 2202 as well as the trademark laws prescribed in 15 U.S.C. §1125(a).  This Court has subject matter jurisdiction over this case for declaratory judgment of non-infringement and invalidity of Defendants' alleged trade dress under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C §1121.  This Court has supplemental jurisdiction over the state law claims of tortious interference and deceptive and unfair trade practices under 28 U.S.C. §1367.

6.      This Court has personal jurisdiction over Defendants because: Defendants have minimum contacts with the State of Florida and the Middle District of Florida; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Florida and in the Middle District of Florida; Defendants have sought protection and benefit from the laws of the State of Florida; Defendants regularly conduct business within the State of Florida

and within the Middle District of Florida primarily through advertising and sales into Florida; Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Florida and in the Middle District of Florida; and Defendants committed a tort in the State of Florida and in the Middle District of Florida and Plaintiff, who has its principal place of business in this District, felt the harm in this District.

7.    More specifically, Defendant, Nalin Mfg., through the participation, direction, control and with the financial benefit and actual knowledge of Mr. Nalin, manufactures, distributes, offers for sale, sells, and/or advertises its products and services in the State of Florida and the Middle District of Florida.  Defendants' tortiously interfered with Plaintiff's business relationship with eBay by contacting eBay and falsely alleging trade dress protection on Defendants' car speaker adapter, knowing that such product is primarily functional and not distinctive in the marketplace.  As a result of Defendants' correspondence with eBay, eBay took down the allegedly infringing listings and alerted Plaintiff to the fact that should they put the listings up again and should Defendants object again, Plaintiff's account could be permanently suspended.  Such actions were directed to Plaintiff who is located in Florida and who was harmed in Florida.

8.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida and because Defendants acts harmed Plaintiff in this District.

## FACTUAL BACKGROUND

9.    Plaintiff is a corporation registered in Florida and is a seller of various car-related products on eBay, including, but not limited to speaker adapters, radio dash adapters, radio wire

harnesses, speaker harnesses and ipod integration products. This case is centered around one product in particular, a car speaker adapter specifically made for the Jeep® Wrangler®, hereinafter called "the car speaker adapter."

10.    Plaintiff began selling the car speaker adapter on eBay in May of 2011 under the seller names "Autoware 302" and "Florida Handmade Creations," which are both owned and operated by Dynamic Designs.

11.    A true and correct photograph of the car speaker adapter sold by Plaintiff on eBay is inserted below for this Court's reference as well as attached hereto as Exhibit "A."



12.    On or around August 19, 2011, Plaintiff was contacted by Defendants via email correspondence through eBay pertaining to a listing Plaintiff had of the car speaker adapter wherein Defendants alleged that Plaintiff "stole [his] idea" and were "selling someone else's product." A true and correct correspondence is attached hereto as Exhibit "B."

13.    Defendants followed up again in September of 2011 claiming that Plaintiff was selling an exact replica of his design and Plaintiff responded indicating that Metra, a company that sells various car accessories, has been selling the subject speaker adapters long before Defendants and therefore Defendants are not the innovators of this design. Plaintiff went on to

note that unless Defendants had a patent on the design there was nothing that he could do and ideas are not copyrightable, therefore they are free to sell the car adapters. *See* Exhibit "C."

14.     Defendant, Mr. Nalin, on behalf of Nalin Mfg. responded stating that Plaintiff had until September 11, 2011 to get rid of its inventory and that Defendants were going to drop their price to $5 until Plaintiff stops "copying" Defendants' design.   Defendants also provided information pertaining to a design patent that they allegedly filed on the design, by providing the Application Number (29400978), Confirmation Number (1553), Title of Invention (4" x 6" to 5.25" Speaker Adapter for 1997-2006 Jeep Wranglers, Inventor Name (Andrew Thomas Nalin), Receipt Date (September 4, 2011) and Application Type (Design). *See* Exhibit "C."

15.     After the parties were unable to resolve the dispute, Defendants contacted eBay, through eBay's VeRO program (Verified Rights Owner) claiming that Defendants had trade dress protection on the car speaker adapters and that Plaintiff was violating Defendants trade dress by selling a similar product.

16.     A true and correct copy of the email correspondence received by Plaintiff on February 29, 2012 from eBay notifying Plaintiff that its listing was removed for an alleged trademark/trade dress violation is attached hereto as Exhibit "D."

17.     As seen in Exhibit "D" eBay notified Plaintiff that its listing was removed because Nalin Manufacturing, LLC, contacted eBay through its VeRO program and alleged a violation of Defendants' trade dress.

18.     Shortly thereafter, at the end of February, 2012 and beginning of March, 2012, Plaintiff sent numerous email correspondence to eBay asking for a copy of the complaint filed by Defendants along with an explanation and pleading with eBay to re-post the listing based on the fact that Defendants clearly do not have trade dress protection on the car speaker adapter because

it is purely functional.  True and correct copies of this correspondence are attached hereto as Exhibit "E."

19.     Unfortunately, eBay's only response was that Plaintiff had to resolve the dispute with Defendants and that eBay could not give Plaintiff legal advice, but that "in order to prevent [Plaintiff's] account from being suspended, it's important that [Plaintiff] avoid any future removals through the VeRo Program.   It's also important that [Plaintiff's] listings are not removed due to violations of eBay's policy."  *See* Exhibit "E" at page 8.

20.     Plaintiff attempted to resolve the dispute with Defendants through several email correspondences asking for copies of Defendants' alleged copyright and design patent and a description of what was being claimed as trade dress, but Defendants refused to provide such information.   Instead, Defendants continued to insist that Copyright.gov had "records of intellectual property rights owned by Naling Manufacturing LLC," that Plaintiff's postings violated Defendants' trade dress and that Defendants were owed lost wages and lost revenue for Plaintiff's sales of the "infringing" car speaker adapter.  *See* Exhibit "F."

21.     After receiving this response from eBay, Plaintiff hired the undersigned law firm to better understand its rights with respect to the car speaker adapter.   On March 28, 2012, the undersigned law firm sent an email with a letter attached to Mr. Nalin of Nalin Mfg. requesting copies of any and all documents evidencing intellectual property owned by Defendants which is alleged as being infringed by Autoware 302.  A true and correct copy of this correspondence is attached hereto as Exhibit "G."

22.     The same day, Mr. Nalin, on behalf of Nalin Mfg. responded stating that there was a patent pending for his speaker adapters and a pending copyright for the visual aspects of his design (both a digital schematic and a physical copy are on file in the Library of Congress)."

Mr. Nalin went on to state that eBay removed the item based on trade dress and that Plaintiff is in "clear violation" of Defendants' trade dress.  A true and correct copy of this correspondence is attached hereto as Exhibit "H."

23.     In the correspondence attached as Exhibit "H," Mr. Nalin, on behalf of Nalin Mfg. went on to provide the undersigned law firm with an explanation of what trade dress protects and the fact that Defendants are allegedly well known in the industry based on the fact that they sold "hundreds of the sets" prior to Autoware's existence and Plaintiff's design lines up within .005" of Defendants and are therefore "replicated."  *See* Exhibit "H."

24.     Defendants failed to provide a copy of the design patent application or copyright application and failed to describe what part of the car speaker adapters it was claiming was protected by trade dress.

25.     Even though Plaintiff was aware of the fact that the car speaker adapters were purely utilitarian and therefore not entitled to protection as a design patent, trade dress or copyright (except for maybe the technical drawings of the speaker adapters, that Plaintiff has never seen or copied), Plaintiff decided to stop selling the speaker adapters under its Autoware 302 username for fear of being sued by Defendants and their account being permanently suspended on eBay.

26.     Plaintiff did, however, continue selling under its other username, "Florida Handmade Creations" and did not hear from Mr. Nalin or Nalin Mfg. until just recently.  On February 18, 2013, Defendant, Mr. Nalin, through the participation, direction, control and with the actual knowledge of Nalin Mfg., sent Plaintiff a cease and desist letter via email stating that Defendants hold the "copyright, trademark, patent pending, along with **trade dress protection**

**previously recognized and enforced by eBay against user Autoware302.**"  A true and correct copy of this cease and desist email correspondence is attached hereto as Exhibit "I."

27.     As part of the cease and desist email, Defendants claimed that Plaintiff's listing for its Jeep Speaker Adapter was "essentially identical" to his work and constitutes copyright infringement entitling Defendants to $750 - $30,000 per infringed work and damages up to $150,000 per work for willful infringement.  Defendants further demanded that Plaintiff "cease the use and distribution of the infringing works derived from [Defendants'] work, and all copies of it, and that you deliver to me all unused, undistributed copies of it, or destroy such copies immediately, and that you desist from this or any other infringement of my rights in the future. If I have not received an affirmative response from you by February 25, 2013 indicating that you have fully complied with these requirements, I shall be taking the full legal remedies available to rectify this situation."

28.     Immediately upon receiving this notification, although Plaintiff believed it was entirely unfounded, Plaintiff took down any and all of the allegedly infringing car speaker adapters being sold under the username, "Florida Handmade Creations", on eBay and hired the undersigned law firm to file a lawsuit against Defendants.

29.     The undersigned law firm has searched the USPTO records and the United States Copyright Office's records and there is no registered design patent, copyright or trade dress on file for Defendants.  Defendants' only plausible theory of recovery at this instant, is trade dress, as asserted to eBay's VeRo program and in its cease and desist letter on February 18, 2013.

30.     Plaintiff has not infringed Defendants' alleged trade dress because (1) Defendants' design of the car speaker adapters have not gained secondary meaning in the

marketplace; and most importantly (2) the car speaker adapters are primarily functional and therefore not entitled to trade dress protection.

31.     As seen in the photographs of Defendants' car speaker adapters found on Defendants' www.nalinmfg.com website and Facebook® page, the adapters are functional.





*See* Exhibit "J."

32.     The car speaker adapters are functional, as seen above, because they are made to fit specifically within the dash of the 1997-2006 Jeep® Wrangler's® and the functional aspects of the design are further explained on Defendants' website and on various forums where

Defendant has posted mounting instructions for the product detailing the functional aspects of the design. In fact, at no time on Defendants' website, on its Facebook page or on the forums does it ever discuss the ornamental design or distinctiveness of the design. Instead, written statements by Defendants relate to the functionality and utilitarian aspects of the design.

33.     For example, as seen on Defendants' website where it is advertising the sale of the car speaker adapters, Defendants discuss the fact that the "after-market audio industry offers a much wider selection of 5.25" than 4"x6" speakers, and generally they're **higher quality**." Defendants go on to discuss the fact that the speakers come with "**laser cut mounting holes so no drilling is required**" and that the product is made with "**16g CNC Laser Cut A36 Steel**" instead of "**cheap plastic**." Finally, Defendants state that the order comes with "**two (2) adapter plates (driver & passenger), (8) #8 machine bolts, and (8) #8 nylock nuts**" all of which provide a specific function as it relates to mounting the speaker onto the adapter and the speaker and adapter onto the Jeep® Wrangler®. A true and correct copy of a screenshot from Defendants' website is attached hereto as Exhibit "K."

34.     The functionality of the car speaker adapters, is further exemplified in write-ups by customers on the www.jeepforum.com website explaining all of the steps involved in installing the car speaker adapters (*See* Exhibit "L" and "M") as well as a write-up by Defendants' themselves. *See* Exhibit "N."

35.     Defendants' functional car speaker adapters have not gained secondary meaning in the marketplace, are being sold by several other entities/individuals and in fact have been sold by other entities/individuals for much longer than Defendants.

36.     Examples of other companies selling car speaker adapters almost identical to those sold by Plaintiff and Defendants are as follows:

      a.     www.car-speaker-adapters.com is currently selling almost identical front dash speakers for 1997-2006 Jeep Wranglers and upon information and belief has been selling the speaker adapters for over five years. *See* Exhibit "O."

      b.     A similar design was found on www.flickr.com and was discussed on www.jeepforum.com. *See* Exhibit "P."

      c.     A similar design was found on www.photobucket.com and was discussed on www.jeepforum.com. *See* Exhibit "P."

      d.     A similar design was found on www.rockcrawler.com, was discussed on www.jeepforum.com and upon information and belief was being sold prior to Defendants began selling the design. *See* Exhibit "P."

37.    Because of Defendants' actions, Plaintiff is unable to sell the car speaker adapters on eBay. If Plaintiff attempts to sell the car speaker adapters on eBay it will be subject to both a lawsuit by Defendants (as alleged in its February 18, 2013 cease and desist email) and a potential permanent suspension of its accounts by eBay.

38.    Plaintiff's product and sales activities does not constitute trade dress infringement or violation of any intellectual property rights of Defendants.

39.    The conduct of Defendants present a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality, to warrant relief as to whether Plaintiff has liability to Defendants under the alleged trade dress in suit.

40.    Plaintiff is being damaged everyday it is unable to sell the car speaker adapters which are the subject of this lawsuit and which are not protected by any form of intellectual property.

41.    The harm caused to Plaintiff will continue unless Defendants are enjoined.

42.     Plaintiff performed all conditions precedent to be performed by Plaintiff or the conditions have occurred.

43.     Plaintiff has been forced to retain the law firm of Beusse Wolter Sanks Mora & Maire, P.A. for representation in this action.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF DEFENDANT' ALLEGED TRADE DRESS

44.     Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 43 of the Complaint.

45.     This Count is against both Defendants seeking a declaratory judgment that Plaintiff has not infringed Defendants' trade dress and that Defendants' claimed trade dress is invalid.

46.     This Count arises under the trademark laws of the United States, 15 U.S.C. §125, and the Declaratory Judgment Act, 28 U.S.C. §§2291 and 2202.

47.     An actual controversy exists concerning the non-infringement and invalidity of Defendants' claimed trade dress in that Defendant, Nalin Mfg., through the participation, direction, control and with the financial benefit and actual knowledge of its sole manager/member Mr. Nalin, contacted eBay through its VeRO program and Plaintiff directly accusing Plaintiff of infringing its trade dress on its car speaker adapter for Jeep® Wranglers®.

48.     Defendant, Nalin Mfg., through the participation, direction, control and with the financial benefit and actual knowledge of its sole manager/member, Mr. Nalin has expressly alleged that Plaintiff's car speaker adapters, which were being sold under the usernames Autoware 302 and Florida Handmade Creations are violating Defendants' trade dress.

49.     It is unclear what features Defendants are claiming trade dress protection on, but a review of the product, makes it clear that the product is primarily functional and in common use by third parties both presently and prior to the use by Defendants.

50.     There is no secondary meaning associated between Defendants and Defendants' claimed trade dress.

51.     Plaintiff's car speaker adapter and sale of the subject adapter on eBay or anywhere else for that matter does not constitute trade dress infringement or violation of any other intellectual property right of Defendants.

52.     A justiciable controversy exists between Plaintiff and Defendants concerning the alleged trade dress infringement and Defendants' claim to own functional design elements which do not possess any secondary meaning to consumers.

53.     Plaintiff seeks a judicial determination of its rights and liabilities by a declaration that Plaintiff's design and sale of the car speaker adapters made specifically for Jeep® Wranglers® does not infringe any valid trade dress owned by Defendants and that Defendants do not own the claimed trade dress.

## COUNT II
## TORTIOUS INTERFERENCE

54.     Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 43 of the Complaint.

55.     Plaintiff has a business relationship with eBay in that Plaintiff sells car accessories via eBay.

56.     Defendants were aware of this relationship based on the fact that Defendants contacted Plaintiff through its eBay account and contacted eBay to report Plaintiff's allegedly infringing conduct.

57.     Defendants intentionally and unjustifiably interfered with Plaintiff's business relationship with eBay by contacting eBay through its VeRO program and falsely alleging that Plaintiff was selling a car speaker adapter that infringed on Defendants' trade dress.

58.     Plaintiff was damaged by Defendants' activities because Plaintiff's listings were taken down by eBay and taken down by Plaintiff after receiving the cease and desist letter on February 18, 2013 as a result of a fear on Plaintiff's part of its accounts being permanently suspended by eBay.  Plaintiff has also been damaged in that it is currently unable to sell the car speaker adapters on eBay and is losing sales every day that it is unable to post the items for sale on eBay.

## COUNT III
## DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER §501.201, *et. seq.*

59.     Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 43 of the Complaint.

60.     The actions of Defendant, Nalin Mfg., through the direction and control and with the actual knowledge and financial benefit of Mr. Nalin, including but not limited to, its false claims to eBay that its functional and non-distinctive car speaker adapters are protected by trade dress, which resulted in Plaintiff's listings being taken down and could result in a permanent suspension of Plaintiff's account, in conjunction with its continued harassing emails to Plaintiff alleging design patent, copyright and trade dress infringement, when its product is not protected by any form of intellectual property, constitutes deceptive and unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")

61.     Defendants were aware that its product was not protected by any valid trade dress, design patent or copyright when it contacted eBay through its VeRO program, but did so intentionally to have Plaintiff's listing taken down and to harm Plaintiff's business.

62.     Defendants intentional and unjustifiable interference with Plaintiff's business relationship with eBay and its false allegations of trade dress, copyright and design patent infringement constitutes a violation of 15 U.S.C. §1125(a) and Florida's laws on tortious interference.

63.     By reason of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm including, but not limited to, Plaintiff's listings being taken down by eBay and taken down by Plaintiff after receiving the cease and desist letter on February 18, 2013 as a result of a fear on Plaintiff's part of its accounts being permanently suspended by eBay. Plaintiff has also been damaged in that it is currently unable to sell the car speaker adapters on eBay and is losing sales every day that it is unable to post the items for sale on eBay.

64.     Accordingly, Plaintiff is entitled to an injunction against Defendants, pursuant to *Fla. Stat.* §501.211(1).

65.     Plaintiff is aggrieved by Defendants' unlawful actions and has suffered and continues to suffer losses and is therefore entitled to recover all actual damages sustained as a result of Defendants' actions, plus attorney's fees and court costs, pursuant to *Fla. Stat.* §501.211(2) and §501.2105.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.     Enter a judgment declaring Plaintiff does not infringe any valid trade dress owned by Defendants;

B.     Enter a judgment declaring that Defendants' claimed trade dress is invalid;

C.      Enter a judgment declaring that Defendants' conduct amounts to tortious interference with Plaintiff's business relationship with eBay;

D.      Enter a judgment declaring that Defendant's conduct amounts to unfair and deceptive trade practices under Florida Statute §501 *et. seq.*

E.      Enter a judgment awarding Plaintiff damages adequate to compensate Plaintiff for the Defendant's false allegations and acts of tortious interference and unfair and deceptive trade practices together with pre-judgment and post-judgment interest;

F.      Enter a judgment awarding Plaintiff its costs, attorneys' fees pursuant to Florida Statute §501.211(2) and §501.2105 and other relief, both legal and equitable, to which Plaintiff may be justly entitled; and

G.      Enter a judgment for such other further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

DATED this 14th day of March, 2013.

> Respectfully submitted,
> Beusse Wolter Sanks Mora & Maire, P.A.
> 390 North Orange Avenue, Suite 2500
> Orlando, Florida  32801
> Telephone: (407) 926-7716
> Facsimile: (407) 926-7720
> E-mail: adavis@iplawfl.com
> E-mail: tsanks@iplawfl.com
> Attorneys for Plaintiff,
> DYNAMIC DESIGNS DISTRIBUTION, INC.
>
>
> Amber N. Davis
> Florida Bar No:  0026628
> Terry M. Sanks
> Florida Bar No:  154430