```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

DYNAMIC DESIGNS DISTRIBUTION, INC.,

       Plaintiff,
v.                            Case No. 8:13-cv-707-T-33TBM

NALIN MANUFACTURING, LLC and
ANDREW NALIN,

       Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Dynamic Designs Distribution, Inc.'s Verified Motion for Attorney's Fees as to Count I (Doc. # 42), which was filed on May 23, 2014. The deadline for Defendants Nalin Manufacturing, LLC and Andrew Nalin to respond to the Motion has expired, and Defendants have not responded to the Motion. The Court accordingly grants the Motion as an unopposed Motion.

**I.   Entitlement to Attorneys' Fees under the Lanham Act**

On April 18, 2014, the Court entered summary judgment in favor of Plaintiff Dynamic Designs as to Count I of Dynamic Designs' complaint against Defendants seeking a declaratory judgment of non-infringement and invalidity of Defendants' trade dress. (Doc. ## 1, 38). Among other findings, this Court held that "Nalin has offered no competent evidence that

[Nalin's alleged trade dress characteristics] serve as a source-identifying function, or that the sum of these parts combine to become source-identifying. The Court determines that Nalin's speaker adapter lacks non-functional characteristics and is thus not entitled to trade dress protections." (Doc. # 38 at 15)(internal citation omitted). The Court also specifically determined that "Plaintiff's design and sale of the car speaker adapters made specifically for Jeep Wranglers does not infringe any valid trade dress owned by Defendants and that Defendants do not own the claimed trade dress." (Id. at 15-16).

Dynamic Designs seeks attorney's fees pursuant to 15 U.S.C. § 1117(a) under the assertion that this is an "exceptional case." While the Lanham Act does not define "exceptional" a number of cases have explained that an exceptional case is one that is "malicious, fraudulent, deliberate, and willful" or where evidence of fraud or bad faith is presented. Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1336 (11th Cir. 2001). The Eleventh Circuit has also noted that "an award of attorney's fees to a prevailing defendant may be justified when a plaintiff has brought an obviously weak Lanham Act claim and the evidence shows that the plaintiff acted in bad faith and with an

2

improper motive." Welding Servs. v. Forman, 301 F. App'x 862, 862-63 (11th Cir. 2008).

Here, the Court determines that Defendants knew, or should have known, that they were not entitled to trade dress protection under the Lanham Act and their claim for trade dress protection was weak to the point of being malicious. As noted by Dynamic Designs in the Motion, it "was forced to file the lawsuit against Defendants in order to undo the damage Defendants inflicted on the marketplace by improperly alleging . . . intellectual property rights that they either knew or should have known that they did not have." (Doc. # 42 at 6).

Dynamic Designs also points out that, prior to bringing suit, it asked Nalin to provide evidence of intellectual property protection, and Nalin rebuffed the requests. Instead, Nalin told Dynamic Designs to "contact the USPTO if you are having difficulties navigating their website." (Doc. # 35-4 at 2). After Dynamic Designs retained counsel, counsel sent a letter to Nalin requesting proof of intellectual property protection, to which Nalin vaguely responded by asserting that Dynamic Designs was in "clear violation" of the intellectual property laws. (Doc. # 35-1 at ¶ 13). Nalin "refused to provide copies of the design patent or copyright applications and failed to describe what part of the car

3

speaker adapters he was claiming was protected by trade dress even after repeated attempts by [Dynamic Designs] to obtain this information." (Id. at ¶ 14).

At the summary judgment stage, the Court reviewed the evidence, which included, inter alia, a Notice of Incomplete Application issued by the USPTO to Nalin as to his design patent (Doc. # 36-1 at ¶ 35) and a rejection letter from the United States Copyright Office as to his copyright application. (Doc. # 36-6 at 4). After considering all of the evidence, the Court found that Defendants also failed to demonstrate that they were entitled to trade dress protection.

As Defendants offered no competent evidence to support their claims to intellectual property protection, the Court draws the inference that Defendants persisted in maintaining such claims with a malicious purpose, warranting the imposition of attorneys' fees.

## II. Amount of Attorneys' Fees

At this juncture, Dynamic Designs seek attorneys' fees in the amount of $37,141.00 as follows:

| Timekeeper | Position | Hours | Rate |
| --- | --- | --- | --- |
| Terry N. Sanks, Esq. | Shareholder | 9.4 | $330.00 |
| Amber N. Davis, Esq. | Shareholder | 88.1 | $265.00 |
| Kevin W. Wimberly, Esq. | Associate | 26.2 | $250.00 |

| | | | |
|---|---|---|---|
| Erica M. Cipparone, Esq. | Associate | 3.5 | $195.00 |
| Barbie A. Mahan | Paralegal | 34.6 | $100.00 |

Dynamic Designs also seeks costs in the amount of $410.00 for the filing fee ($350.00) and service of process ($60.00). The Court finds that the costs incurred are reasonable under the circumstances. The Court likewise determines that the fees requested are reasonable and should be awarded pursuant to <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988), which sets forth the applicable lodestar method of computing reasonable legal fees.

The number of hours expended is reasonable given the procedural complexity of this intellectual property case. The Court also approves as reasonable and appropriate the hourly rates charged by Dynamic Designs' legal team, especially in light of Defendants' failure to raise an objection either to entitlement to fees or the amount requested. "The court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses." <u>Id.</u> at 1303. In determining that Dynamic Designs is entitled to fees in the amount of $37,141.00, the Court has also considered the relevant factors outlined in <u>Johnson v. Georgia Highway</u>

5

Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), which include (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the degree of skill necessary to serve the client properly; (4) the attorney's inability to accept other employment because he accepted the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of damages involved and the relief or results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the relationship with the client; and (12) awards in similar cases.  Consideration of these factors and others leads the Court to the conclusion that legal fees in the amount requested by Dynamic Designs should be awarded.

    Accordingly, it is

    **ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Dynamic Designs Distribution, Inc.'s Verified Motion for Attorney's Fees as to Count I (Doc. # 42) is **GRANTED.**

(2) Plaintiff Dynamic Designs Distribution, Inc. is entitled to **$37,141.00** in attorneys' fees and **$410.00** in costs to be paid by Defendants Nalin Manufacturing, LLC and Andrew

6

Nalin.

(3) The hearing that was originally set to take place on this matter on June 27, 2014, is cancelled.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of June, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and Parties of Record